## Case No. 3,950.

### DODGE et al. v. ARTHUR.

[22 Int. Rev. Rec. 402.]

Circuit Court, S. D. New York.   Nov. 16, 1876.

ADOPTION OF REVISED STATUTES — CONSTRUCTION —CUSTOMS DUTIES — CLASSIFICATION — TIN AND TERNE PLATES.

[1. The fact that it was the intention of congress. in enacting the Revised Statutes, to compile existing laws without altering them, does not require the courts to give to a particular section a construction in opposition to the positive provisions thereof, in order to conform to the pre-existing statute; but, if the two cannot be reconciled, it is then to be presumed that congress supposed, and had reason to suppose, that the prior statutes had been changed, and intended to adopt such change.]

[2. Part of the tariff act of June 6, 1872, having been embraced in the Revised Statutes, that act was consequently repealed on June 22, 1874, by the express provisions of Rev. St. § 5596.]

[3. Tin plates and terne tin imported subsequently to the enactment of the Revised Statutes (June 22, 1874) were subject to the combined operation of sections 2503 and 2504: thus being dutiable at 90 per cent. of the 15 per cent. ad valorem imposed by the latter section.]

[4. Articles specifically provided for in a tariff act cannot be subjected to duty at a different rate under a general designation which would otherwise include them.]

This was an action by Wm. E. Dodge and others against Chester A. Arthur, collector of customs for the port of New York, to recover certain duties paid under protest.

Wm. M. Evarts and John E. Parsons, for plaintiffs.

H. E. Tremaine, Ass't U. S. Dist. Atty., for defendant.

SHIPMAN, District Judge (charging jury). The plaintiffs imported into the port of New York subsequently to June 22, 1874, sundry invoices of tin plates and terne tin, upon which the collector exacted a duty of 15 per cent. ad valorem. This duty was paid by the plaintiffs under protest. Appeals were subsequently duly made to the secretary of the treasury, who affirmed the decision of the collector, and this suit was subsequently commenced by the plaintiffs to obtain the amount of duty which they claimed had been improperly exacted. Tin plates are a well-known article of commerce, and are plates of sheet iron, which, having been properly prepared, have been plunged into a bath of molten tin, and carefully covered or coated with the latter metal. Terne tin is tin plate. used for roofing purposes. In this species of plate the brightness of color has been dulled by a slight admixture of lead in the molten tin

bath. The terms "tin plate" and "terne tin," are well-known commercial terms, "terne tin" being a subdivision of the more general term "tin plate." "Tin in plates" is a general term which has been used for many years in the tariff acts, and is, by the uncontradicted testimony of the witnesses upon both sides, synonymous with the term "tin plates," and has been recognized as synonymous by the uniform construction which has been given to the term by the treasury department. which has uniformly exacted upon "tin plates" the duty imposed by the statutes upon "tin in plates."

Prior to the act of June 6, 1872 [17 Stat. 230], the duty which was by law imposed upon tin plates and terne tin was 25 per cent. The second section of that act provides that on and after the 1st day of August, 1872, in lieu of the duties imposed by law on the articles in this section enumerated, there "shall be levied, collected, and paid, on the goods, wares, and merchandise, in this section enumerated and provided for, 90 per centum of the several duties and rates of duty now imposed by law upon said articles severally," it being the intent of this section to reduce existing duties on said articles 10 per centum of such duties, i. e. "on all metals not herein otherwise provided for, and all manufactures of metal of which either of them is the component part of chief value, excepting percussion caps. watches, jewelry, and other articles of ornament." The fourth section of the same act provides that on and after August 1st, 1872, in lieu of the duties theretofore imposed by law on the articles mentioned in said section, there should be levied, collected and paid on the articles in said section enumerated, imported from foreign countries, the following duties and rates of duty, that is to say, "on tin in plates, terne tin or taggers tin, 15 per centum ad valorem." The duty upon tin plates was thus reduced 40 per cent., and it is not claimed that tin plates were included in the provision of the second section. By the Revised Statutes. which went into effect June 22, 1874, it was provided in section 2503 as follows, viz.: "There shall be levied. collected and paid upon all articles mentioned in the schedules mentioned in the next section, imported from foreign countries. the rates of duty which are by the schedules respectively prescribed; provided, that on the goods, wares and merchandise in this section enumerated and provided for. imported from foreign countries, there shall be levied, collected and paid only 90 per centum of the several duties and rates of duty imposed by the said schedules severally, that is to say. on all metals not herein otherwise provided for, and on all manufactures of metals of which either of them is the component part of chief value." etc. Among the articles enumerated in Schedule E. being the schedule of section 2504 pertaining to metals, were the following: "Tin in plates or sheets, terne and taggers tin, 15 per centum ad va-

lorem." That portion of the Revised Statutes which relates to the tariff law makes no other mention of the duty to be imposed upon this article by its name, or of the article itself. The question of law thus arises, what rate of duty should have been legally imposed upon the importations of the plaintiffs' made subsequently to June 24, 1874, and to the enactment of the Revised Statutes? Section 5596 of the Revised Statutes provided as follows: "All acts of congress passed prior to said 1st day of December, 1873, any portion of which is embraced in any section of said revision, are hereby repealed, and the section applicable thereto shall be in force in lieu thereof; all parts of such acts not contained in such revision, having been repealed or superseded by subsequent acts, or not being general and permanent in their nature: provided, that the incorporation into said revision of any general and permanent provision, taken from an act making appropriations, or from an act containing other provisions of a private, local, and temporary character, shall not repeal or in any way affect any appropriation or any provision of a private, local, or temporary character, contained in any of said acts, but the same shall remain in force; and all acts of congress passed prior to said last named day no part of which are embraced in said revision, shall not be affected or changed by its enactment." A part, at least, and the greater part, of the act of June 6, 1872, was embraced in the revision. That act was therefore repealed on June 22, 1874, congress having provided that all acts of congress passed prior to December 1, 1873, any portion of which is embraced in any section of said revision were repealed. If no part of the act of June 6, 1872, have been embraced in the revision, such act would not have been affected or changed by the new statutes. The prior act having been repealed, the question becomes one of the construction which should properly be given to the statutes which were at the time of the importation the only statutes in force upon the subject.

It has been declared by the supreme court, in substance, that the purpose of congress in enacting the Revised Statutes was to collate all the statutes as they were on December 1, 1873, and not to make any change in their provisions, and that the revision is a legislative declaration of the state of the general and permanent statutory law which was in force on that day. The presumption at least then is that if any part of a statute existing prior to December 1, 1873, is contained in the Revised Statutes, and any part of such statute is not contained therein, the part which is not contained had been theretofore repealed. The revision is a legislative declaration that such part had been repealed. But it seems to be manifest that the duty upon tin plate which was provided in the fourth section of the act of June 6, 1872, had not been changed by any legislative act prior to June 22, 1874.

It is further apparent that an examination of the provisions of the Revised Statutes from the repealed act of June 6, 1872, in respect to the article commercially called "tin plates," or styled in the tariff act "tin plates," can furnish no plausible ground for a construction which shall separate this article from the operation of section 2503. The counsel for the government has attempted to give no other construction to the language of the revision apart from the statute of June 6, 1872, in regard to the article called "tin in plates," than the one for which the plaintiffs contend. It is, however, strenuously urged, that the facts that the revision was intended to be a compilation of existing laws, and was not intended to change or alter existing laws, should control the judicial mind, and should compel a construction in accordance with what the court believes, and what counsel concede the law to have been prior to the date of the revision. The question is narrowed to this: Shall the declared intention not to alter pre-existing statutes compel a construction which is in opposition to the positive provision of the revision? I am of opinion that an affirmative answer would be an unsafe rule by which to be guided. The true rule should rather be to seek to harmonize the statutes by the principles which have heretofore been adopted in the construction of tariff acts. If the two statutes cannot be reconciled, it is then to be presumed that the legislature supposed, and had reason to suppose, that the prior statutes had been changed or altered, and intended to adopt the provision which is contained in the later act. It is contended by the defendant that in the metal schedule of section 2504 is found the clause "iron and tin plates galvanized or coated with any metal otherwise than by electric batteries, 2½ cents per pound;" that tin plates are iron plates galvanized or coated with tin otherwise than by electric batteries; and that under this provision tin plates might also have been assessed, and that the duty is more than 15 per cent. ad valorem, or at least has not been shown by the plaintiffs to be not in excess of their payment; and that the court can properly say that tin plate being dutiable under one of two clauses, the latter clause should govern. It may be remarked that it has been proved that galvanized iron and galvanized tin are well known commercial articles, and are articles galvanized or coated with zinc; but waiving this consideration, tin plates and terne tin are specifically mentioned in the revision, and have been specifically mentioned since the year 1861 at least, and where articles are specifically mentioned, and may also be included under terms of general description, the duty imposed upon the specifically described articles is to be the governing rate; and, further, the construction of the treasury department, since the act of June 30, 1864, when galvanized iron and galvanized tin were made dutiable at 2½ cents per pound, has been in

accordance with this rule in regard to this article in question. To judicially declare that this article could be dutiable at 2½ cents per pound would be, in my opinion, at variance with principles of construction which have been long recognized, and which have been announced by the supreme court of the United States. The motion of the defendant is denied, the motion of the plaintiffs is allowed, and, there being no disputed question of fact in the case, the jury is directed to render a verdict for the plaintiffs in the sum of $16,647.95 gold, and $2.609.02 interest in currency. The usage of this circuit to compute interest in currency has been uniform for a number of years. It was the existing usage when I came to this district.